(Pleito No. 237.—Fallado en 22 de Diciembre de 1902.)

## Huyke contra Arrese.

Competencia promovida por el Tribunal de Distrito de San Juan, al de igual clase de Humacao.

1.—Resoluciones judiciales. Las resoluciones judiciales han de corresponder á la esencia de las peticiones y no al nombre ó forma de las acciones.

2.—Retención de la cosa. La retención de la cosa hasta que se satisfagan los gastos necesarios á la persona que la retiene es meramente una posesión natural como garantía.

3.—Sobre el mismo punto. Cuando la cosa ha salido del poder del poseedor es de deducirse que sólo hay en su favor una obligación personal.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á veintidos de Diciembre de mil novecientos dos, en la competencia pendiente ante Nos, promovida por el Tribunal del Distrito de San Juan al de igual clase de Humacao, actuando en Guayama, sobre conocimiento de la demanda en juicio declarativo entablada ante el segundo por Don Enrique Huyke contra Don Esteban Arrese, en reclamación de pago de pesos; habiendo ambos comparecido ante este Tribunal Supremo :—Resultando: Que, con escrito de fecha ocho de Agosto del año anterior, acudió al Tribunal de Humacao Don Enrique Huyke, vecino de Guayama, demandando á Don Esteban Arrese, vecino de San Juan, y ejecutando, dice, la acción real para que le pagase la cantidad de dos mil ciento ochenta y nueve pesos, setenta y nueve centavos, provinciales, ó su equivalente en moneda americana, que le era en deber por reparaciones indispensables que á causa del ciclón del ocho de Agosto de mil ochocientos noventa y nueve tuvo que hacer en varias fincas que se le adjudicaron en el ejecutivo que en cobro de. pesos siguió contra la sucesión de Don Sebastián Massanet y que se inscribieron á su nombre en el Registro de la Propiedad; pero que Don Esteban Arrese en el ejecutivo que á su vez siguió contra Massanet, Vidal y Cª, como liquidadores de la Sociedad Massanet

y Vidal, consiguió que se sacasen á pública subasta y, no obstante la tercería de dominio que á su tiempo interpuso Huyke, se adjudicaron á Arrese y se le puso en posesión de ellas sin que hasta ahora haya reintegrado el importe de los gastos hechos en las reparaciones y consiguientes mejoras de las cuales hoy se está aprovechando el actual poseedor Arrese, á cuyo pago, con las costas, suplicó que se le condenase, expidiéndose carta-orden al Juez Municipal del Distrito de San Francisco, de esta ciudad, para la citación y emplazamiento de aquél.—Resultando : Que expedida la carta-orden y citado y emplazado Don Esteban Arrese para que en el término de veinte días compareciese y contestase la demanda, acudió á la Corte del Distrito de San Juan, pidiéndole que dirigiera requerimiento de inhibición al de Humacao, pues en la demanda se ejercitaba una acción personal y aquella Ciudad era el domicilio del exponente, que citó la regla 1.ª del artículo 62 de la Ley de Enjuiciamiento Civil y el artículo 1,171 del Código Civil, con arreglo al que, el pago ha de ejecutarse en el lugar designado en la obligación, ó en otro caso, en el del domicilio del deudor, no existiendo en el presente la designación á que se refiere dicho artículo.—Resultando : Que conforme el Fiscal con la procedencia del requerimiento, lo acordó el Tribunal en auto de diez y nueve de Octubre del año anterior, porque tratándose del ejercicio de una acción personal, y no habiéndose sometido el demandado al de Humacao, debía celebrarse el juicio en su domicilio.—Resultando : Que el actor se opuso á la inhibición, exponiendo que se ha ejercitado una acción real porque se trata del cobro de gastos hechos para la reparación de fincas en la época en que las poseyó y que hoy posee el demandado, y cita por analogía los artículos 453 y 454 del Código Civil, y como decisión de la competencia la regla 3.ª del artículo 62 de la Ley de Enjuiciamiento Civil.—Resultando : Que el Tribunal de Humacao, oído el Fiscal, que emitió dictamen de conformidad con lo solicitado por el demandante, sostuvo su competencia por auto

de veinte y seis de Diciembre del año anterior, fundado en la citada regla 3ª del artículo 62 y en que el derecho del actor nace de la posesión con buena fe y justo título en que estuvo de las fincas objeto de las reparaciones necesarias, hechas para conservarlas.—Resultando: Que comunicada esta resolución al Tribunal requirente, insistió en la inhibitoria propuesta, para lo cual consideró que no puede atenderse solamente á la acción que se ejercita, sino que ha de estarse á lo que necesariamente se derive del título en que se funden las pretensiones, y esta es una obligación puramente personal de pago de cantidad derivada del hecho alegado de las reparaciones realizadas.—Resultando: Que entablada así la presente cuestión de competencia, cada una de las Cortes ha elevado sus actuaciones para la resolución correspondiente, á este Tribunal Supremo, en el que se ha dado á los autos la debida tramitación, oyendo al Fiscal.—Visto: Siendo Ponente el Juez Asociado Don José Mª Figueras Chiqués.—Considerando: Que las resoluciones judiciales han de corresponder á la esencia de las peticiones, y no al nombre ó forma de las acciones, según así lo declaran diversas sentencias del Tribunal Supremo de España, entre otras las de diez y siete de Noviembre de mil ochocientos noventa y cuatro, once de Mayo de mil ochocientos noventa y cinco, primero de Mayo y once de Junio de mil ochocientos noventa y siete.—Considerando: Que si bien el artículo 453 del Código Civil otorga al poseedor de buena fe el derecho de retener la cosa hasta que se le satisfagan los gastos necesarios y útiles, esta retención sólo es una posesión natural como garantía, pero que no encuentra sanción de derecho real ni en el Código Civil ni menos en la Ley Hipotecaria, al extremo que no le autoriza la ley á vender la cosa retenida para el pago del crédito originado por los gastos, como acontece con el acreedor pignoraticio ó hipotecario, según el artículo 1,858 del Código Civil.—Considerando: Que si no se tiene un derecho real en el caso de estar la cosa retenida, con mayor razón ha de serlo

cuando, como en el caso presente, la cosa ha salido de poder del poseedor, deduciéndose de estas consideraciones que sólo tiene en su favor una obligación personal.—Considerando : Que esto supuesto, corresponde conocer de dicha demanda al Tribunal del domicilio del deudor, conforme á lo prevenido en el artículo 1,171 del Código Civil y regla 1ª del artículo 62 de la Ley de Enjuiciamiento Civil.—Fallamos : Que debemos declarar y declaramos corresponder el conocimiento de la mencionada demanda, formulada por Don Enrique Huyke, á la Corte del Distrito de San Juan, á la que, con la oportuna certificación, se remitan, á los efectos procedentes, todas las actuaciones elevadas á este Tribunal Supremo con motivo de la presente competencia ; comunicándose esta resolución á la Corte de Humacao, y siendo las costas de cuenta respectiva de las partes.—Así por esta nuestra sentencia, que se publicará en la Colección de este Tribunal Supremo, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras. —Louis Sulzbacher.—J. H. MacLeary.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José Mª Figueras Chiqués, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico, á veinte y dos de Diciembre de mil novecientos dos.—Antonio F. Castro, *Secretario*.